UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cr-00164-SRC |
| | ) |
| CHRISTOPHER G. RHODES, | ) |
| | ) |
| Defendant. | ) |

# Order

Christopher G. Rhodes moves to suppress physical evidence seized on December 19, 2022, from a residence located in St. Louis, Missouri on the basis that the warrant was not supported by probable cause. Additionally, Rhodes argues that the good-faith exception to the Fourth Amendment's exclusionary rule should not apply because the affiant either knowingly or deliberately included false statements in the affidavit with reckless disregard for the truth.

**I.   Background**

The Court referred Rhodes's pretrial motion to United States Magistrate Judge Rodney H. Holmes. *See* 28 U.S.C. § 636(b). On February 18, 2025, Judge Holmes issued a Report and Recommendation, recommending that the Court deny Rhodes's motion. Doc. 111. On March 4, 2025, Rhodes filed objections to the R&R's findings of fact and conclusions of law. Doc. 112. The United States responded to Rhodes's objections on March 8, 2025. Doc. 114. Rhodes had an opportunity to file a reply by March 21, 2025, but choose not to do so. *See* doc. 113.

**II.   Standard**

When a party objects to a magistrate judge's R&R, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party

objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). In making its de novo determination, the Court reviewed the record related to Rhodes's motion.

### III.    Discussion

#### A.    Findings of fact

Rhodes makes two distinct factual objections to the R&R. Doc. 112 at 1–3.[1] First, Rhodes objects to the factual finding that beginning in late 2022, the DEA investigated both Rhodes and his codefendant, Demetrius Ransom. *Id.* at 1–2. Second, Rhodes objects to the R&R omitting that, after Rhodes went to Home Depot, he went to the gym before returning to his residence. *Id.* at 2–3.

##### 1.    DEA's investigation

Rhodes objects to the Judge Holmes's finding, which states:

> Beginning late 2022, the DEA investigated Mr. Rhodes and Demetrius Ransom (Ransom) based on information from a confidential source (CS) who reported buying methamphetamine and fentanyl from an individual named "Meechie." Agent Colin Subick (Subick) presented the CS with a photograph of Ransom, whom the CS identified as the same Meechie from previous transactions. Based on information from the CS, agents conducted a series of controlled buys of methamphetamine from Ransom.

Doc. 111 at 2; doc. 112 at 1–2. Rhodes argues that the "beginning of the DEA investigation in late 2022, did not involve" him. Doc. 112 at 2. Rhodes claims "[i]t involved exclusively Demetrius Ransom." *Id.*

---

[1] The Court cites to page numbers as assigned by CM/ECF.

The United States claims Rhodes is "arguing semantics," and that "[w]hether the investigation started with only information about Ransom, the affidavit clearly outlines a late-2022 investigation involving both [Rhodes] and Ransom." Doc. 114 at 3. Therefore, the United States argues the Court should overrule Rhodes's objection. *Id.*

The Court overrules this objection. While the affidavit first references the DEA's investigation into Ransom in late 2022, the affidavit shows that the DEA was also investigating Rhodes by late 2022. *See* Doc. 107-1.

### 2. December 7 controlled buy

Rhodes next objects to the R&R's finding, which states:

> Ransom agreed to meet with the CS, reporting that he was at Home Depot. Agents surveilling Mr. Rhodes'[s] residence observed a man, whom Subick later identified as Mr. Rhodes, get into a black Kia and drive to Home Depot. Mr. Rhodes entered the store for five minutes before exiting with a plastic Home Depot bag and returning to his residence.

Doc. 111 at 3; doc. 112 at 2–3. Rhodes argues that this finding is clearly in error because he did not go home after the Home Depot trip; he went to the gym. *Id.* at 3. The United States argues this fact is not a material fact, is irrelevant to the ultimate issues, and that the Court should overrule Rhodes's objection. Doc. 114 at 4.

While the Court agrees this fact isn't material to the issues at hand, it also agrees with Rhodes that Subick's Affidavit reflects that Rhodes "traveled to the Edge Fitness Club" located in St. Ann, Missouri prior to returning this his residence. Doc. 107-1 ¶ 40. The Court acknowledges for the record the factual inaccuracy that Rhodes's notes, and the Court finds, on de novo review, that the inaccuracy does not affect the Court's determination on Rhodes's motion.

3

Rhodes also claims that the Home Depot bag was a "bag that Ransom procured at the time he was on the phone with the confidential informant earlier in the day and told he/she that he was at the [H]ome [D]epot." Doc. 112 at 3. As the United States points out, there is no evidence of this in the record. *See* doc. 114 at 4. Regardless, the United States concedes that "it is a reasonable inference that either [Rhodes's] or Ransom's Home Depot bag was the one used in the [December 7] controlled buy." *Id*. The issue Rhodes raises therefore does not affect the Court's determination on Rhodes's motion.

    **B.**    **Conclusions of law**

Rhodes argues that the affidavit lacks a sufficient nexus between the controlled buys and the residence that was searched, such that the good-faith exception does not apply. Doc. 112 at 3–4. The United States argues that the R&R accurately concludes "that there was a sufficient nexus between the crime and the place to be searched and that there were no *Franks* issues." Doc. 114 at 5. Having reviewed the R&R, the Court agrees and overrules Rhodes's objection.

**IV.**    **Conclusion**

Accordingly, the Court (1) overrules Rhodes's [112] objections, except as noted in section III.A.2.; (2) sustains, adopts, and incorporates Judge Holmes's [111] Report and Recommendation; and (3) denies Rhodes's [105] Motions to Suppress.

So ordered this 6th day of May 2025.

                                                                   STEPHEN R. CLARK
                                                                   CHIEF UNITED STATES DISTRICT JUDGE